UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss [14]**

  Defendant City of Huntington Beach ("Defendant") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike portions of Plaintiff's Complaint. (Mot., Dkt. No. 14.) Plaintiffs, the Estate of Trevor Loflin, by and though his successor in interest, Paul Loflin Jr. ("Plaintiffs"), opposed the motion. (Opp'n, Dkt. No. 15.) Defendant filed a reply. (Reply, Dkt. No. 16.)

  For the following reasons, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## I. Background

  On May 19, 2022, Huntington Beach Police Department officers ("DOES 1-6") arrested Trevor Loflin ("Mr. Loflin") for public intoxication. (Compl., Dkt. No. 1 ¶ 17.) Shortly after the officers made contact with Mr. Loflin, Mr. Loflin allegedly swallowed "four small baggies of cocaine." (Id. ¶¶ 19-20.) The officers then transported Mr. Loflin and booked him into the Huntington Beach City Jail ("City Jail") at around 11:00 p.m. (Id. ¶ 20, 24.) Mr. Loflin did not have any drug paraphernalia on his person at the time of booking. (Id. ¶ 24.) Mr. Loflin was placed by the booking officers and nurses ("DOES 7-13") in a sobering cell, where detention officers ("DOES 14-25") were supposed to monitored him through a live video feed every 15 minutes and physically check on him every 30 minutes. (Id. ¶ 25-27.) He was held in the sobering cell for almost 7 hours, where he remained awake the entire time. (Id. ¶ 28-29.) At some point during the night Mr. Loflin "began having tremors and convulsions." (Id. ¶ 31.) A police department official told Mr. Loflin's grandmother that a detention officer noticed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-01075-JVS-JDE                                Date    October 24, 2024

Title    The Estate of Trevor Loflin et al v. City of Huntington Beach et al

Mr. Loflin having convulsions, but the Complaint is unclear as to what time these convulsions occurred.  (Id. ¶ 26.)  At 5:54 a.m. on May 20, 2022 Mr. Loflin began to shake, and at 5:58 a.m. he had a seizure.  (Id. ¶ 35.)  As a result of the seizure, Mr. Loflin fell and struck his head on the concrete floor, causing him to suffer from subdural hematomas.  (Id. ¶ 34.)  At 6:01 a.m., a detention officer conducted a physical check and found Mr. Loflin having another seizure.  (Id. ¶ 35.)  The officer called for emergency medical aid, but Mr. Loflin was pronounced dead at 6:35 a.m.  (Id. ¶ 36.)  The Coroner determined that Mr. Loflin died from "acute cocaine and ethanol with cocaethylene intoxication," likely from the fours bags of cocaine found in his stomach.  (Id. ¶ 23-24.)

Plaintiffs brought three causes of action against Defendant and DOES 1-25: (1) deliberate indifference to Mr. Loflin's medical needs in violation of the Fourth and Fourteenth Amendments (42 U.S.C. § 1983); (2) deprivation of the right of association in violation of the First and Fourteenth Amendments (42 U.S.C. § 1983); and (3) municipal liability and ratification under Monell (42 U.S.C. § 1983).  (Mot. at 8.)  Defendant moves to dismiss claims one through three for failure to state a claim upon which relief can be granted, and moves to strike from the Complaint Plaintiffs' prayer for punitive damages.  (Id. at 8, 23.)  Defendant further asks the Court to dismiss the Complaint without leave to amend.  (Id. at 10.)

## II. Legal Standard

**1.    Motion to Dismiss**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

**2.      Motion to Strike**

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

### III.   Discussion

**1.      Plaintiffs' Deliberate Indifference Claim**

Plaintiffs bring a claim for deliberate indifference to Mr. Loflin's medical needs in violation of the Fourth and Fourteenth Amendments, under 42 U.S.C. § 1983. The test for deliberate indifference in this context has two parts. First, a plaintiff must prove a "serious medical need" by showing that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Indications of such a need include "[t]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Second, a plaintiff must show that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

defendant's response to the need was deliberately indifferent under an objective standard for claims "'brought by pretrial detainees against individual defendants under the Fourteenth Amendment.'" Gordon v. Cty. of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, No. 18-337, 2019 WL 113108 (U.S. Jan. 7, 2019) (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016)).

Based on an objective deliberate indifference standard, "the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (I) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Id.

Plaintiffs bring their deliberate indifference claim against two different sets of defendants: (1) DOES 1-6: "the arresting officers who knew or should have known that Mr. Loflin had swallowed baggies of drugs;" and (2) DOES 7-25: "the detention officers and nurses at the Huntington Beach City Jail who were responsible for monitoring Mr. Loflin in a sobering cell."  (Opp'n at 7.)

    a.    Plaintiffs' Deliberate Indifference Claim Against DOES 1-6

The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest medical care to an arrestee. Est. of Cornejo ex rel. Solis v. City of Los Angeles, 618 F. App'x 917, 920 (9th Cir. 2015) ("[S]uspects have a Fourth Amendment right to 'objectively reasonable post-arrest [medical] care' until the end of the seizure.") (quoting Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006)).  Objectively reasonable post-arrest medical care requires police officers to "seek the necessary medical attention for... [an arrestee] when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." Tatum, 441 F.3d at 1099 (quoting Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01075-JVS-JDE                                    Date   October 24, 2024

Title      The Estate of Trevor Loflin et al v. City of Huntington Beach et al

    First, Defendant argues that "Plaintiffs fail to plead any facts that decedent was injured while being apprehended." (Mot. at 11.) However, Plaintiffs' Complaint alleges that "the Coroner found four small baggies of cocaine" in Mr. Loflin's stomach and that Mr. Loflin swallowed the cocaine "shortly after" the officers made contact with him. (Opp'n at 8; Compl. ¶¶ 19-20, 24.)  Further, the arresting officers knew that Mr. Loflin was "dangerously intoxicated" because he was arrested for public intoxication. (Compl. ¶¶ 46-47.)  The allegation that Mr. Loflin swallowed the cocaine after the officers made contact with him is not conclusory.  Thus, construing this allegation is the light most favorable to Plaintiffs, Plaintiffs have properly alleged an injury at the time of arrest.

    Second, Defendant argues that Plaintiffs have not provided sufficient factual allegations to establish deliberate indifference to the injury. (Mot. at 11.) Specifically, "the Complaint does not show that each Defendant knew of decedent's objective need for medical attention and deliberately chose to deny care." (Id. at 12.)  Although Plaintiffs allege that Mr. Loflin swallowed the cocaine shortly after the officers made contact with him (Compl. ¶¶ 19-20.), the Court must ask whether this allegation "plausibly give[s] rise to an entitlement to relief." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Here, Plaintiffs provide no other factual allegations demonstrating that the officers were aware that Mr. Loflin had swallowed cocaine. Plaintiffs have not stated that the officers saw Mr. Loflin swallow the cocaine, or that Mr. Loflin was experiencing any signs of drug overdose or convulsions during his arrest. Thus, Plaintiffs have alleged only the mere possibility of misconduct, which does not rise to the level of plausibility required under 12(b)(6).  Id.  The Court grants Defendant's motion to dismiss as to Plaintiffs' deliberate indifference claim against DOES 1-6.

    b.     Plaintiffs' Deliberate Indifference Claim Against DOES 7-25

    Defendant argues that there are no facts allowing for a reasonable detention officer to assume that Mr. Loflin "had ingested any drugs." (Mot. at 13.) Specifically, Plaintiffs have not demonstrated "there was a delayed request for medical care when officers became aware that decedent required medical care," or that Mr. Loflin "exhibited any shaking or seizure-like symptoms between the time he was arrested and 5:54 a.m. when he began to shake." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

However, Plaintiffs have properly alleged facts illustrating that DOE Defendants may have been aware of Mr. Loflin's need for medical care prior to his seizure at 5:54 a.m. The Complaint alleges that Defendants knew that "Mr. Loflin was at risk of intoxication because he had been arrested for public intoxication" and specifically placed in a sobering cell. (Opp'n at 10; Compl. ¶¶ 17, 25.) The Complaint also alleges that Mr. Loflin's condition worsened over the course of the 7 hours that he spent in the holding cell, and that Mr. Loflin began exhibiting signs of "lethal intoxication" prior to 5:54 a.m. (Compl. ¶ 28.) For example, although the officers believed Mr. Loflin was drunk, he was "awake the entire night," was "having tremors and convulsions in the sobering cell," and was "agitated and restless." (Id. ¶¶ 29, 31.) Further, Huntington Beach Police Department officials told Mr. Loflin's grandmother that "a detention officer noticed [Mr. Loflin]... having convulsions." (Id. ¶ 26.) Thus, the officers "knew, or should have known, that [Mr. Loflin]... was not simply drunk." (Id. ¶ 31.) Construing these non-conclusory allegations in a light most favorable to Plaintiffs, the allegations plausibly give rise to a claim of deliberate indifference against DOES 7-25.

        i.    *DOES 7-25's Entitlement to Qualified Immunity*

The doctrine of qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields an official even if the conduct resulted from "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law. . . . [If] officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The Ninth Circuit applies a two-pronged inquiry to resolve claims of qualified immunity. First, the Court determines whether the officer's conduct violated a constitutional right. Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Second, the Court must determine whether the constitutional right at issue was "clearly established in light of the specific context of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01075-JVS-JDE                               Date   October 24, 2024

Title   The Estate of Trevor Loflin et al v. City of Huntington Beach et al

case" at the time of the events in question. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (citing Robinson, 566 F.3d at 821). While the Saucier sequence is often appropriate, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236.

A right is clearly established if "a reasonable officer would recognize that his or her conduct violates that right under the circumstances faced, and in light of the law that existed at that time." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1065–66 (9th Cir. 2006); see also Saucier, 533 U.S. at 202. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201. "[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). A case need not be directly on point, but existing binding or persuasive precedent "must have placed the statutory or constitutional question beyond debate." Mattos, 661 F.3d at 442 (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011)); see Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996) (permitting use of persuasive authority). The plaintiff has the burden of establishing that constitutional right was "clearly established" at the time of the alleged violation. Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011).

Defendant argues that DOES 7-25 are entitled to qualified immunity because "there was no obvious instance of unconstitutional conduct." (Mot. at 21.) However, as stated above, Plaintiffs have properly plead a cause of action for deliberate indifference under the Fourth and Fourteenth Amendment; thus, DOES 7-25's conduct may have violated Mr. Loflin's constitutional right. However, the Court need not address this issue in full because Plaintiffs have failed to meet their burden of proving that the constitutional right was clearly established. Plaintiffs do not explicitly address Defendant's qualified immunity argument in their Opposition. Further, Plaintiffs' reliance on Sandoval v. Cnty. of San Diego, 985 F.3d 657 (9th Cir. 2021) is misplaced because that case is distinguishable from the case at hand. In Sandoval, the decedent was placed in a medical observation cell after swallowing large amounts of methamphetamine. Sandoval, 985 F.3d at 662. Although the nurse was informed that the decent appeared unwell, no one checked on the decedent for nearly eight hours. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

at 663. Then, when the decedent fell to the floor and appeared to be suffering from a seizure, the nurse refused to promptly call for paramedics. Id. at 664. Unlike in Sandoval, the facts indicate that the officers monitored Mr. Loflin every 15 minutes through video surveillance and every 30 minutes physically. Further, a detention officer found Mr. Loflin and called for medical aid roughly three minutes after Mr. Loflin began to seize. (Opp'n at 10; Compl. ¶ 35.) Thus, because the Court is unpersuaded by Plaintiffs' use of Sandoval in this context, the Court grants the motion to dismiss as to DOES 7-25 on qualified immunity grounds, with leave to amend.

### 2. Plaintiffs' Deprivation of the Right of Association Claim

Next, Plaintiffs bring a claim for deprivation of the right of association in violation of the First and Fourteenth Amendments under 42 U.S.C. § 1983. The parties disagree as to whether the constitutional right for this claim arises under the First or Fourteenth Amendment. (Mot. at 15; Opp'n at 12.) Plaintiffs make no argument as to the First Amendment claim in their Opposition; rather, Plaintiffs argue that they have established a valid claim under the Fourteenth Amendment. (Opp'n at 12.) Thus, because the Court finds that Plaintiffs have not properly alleged a claim for deprivation of familial relation under the Fourteenth Amendment, the Court does not reach Defendant's arguments regarding the First Amendment claim.

To prevail on a Fourteenth Amendment substantive due process claim, the plaintiff must show that: (1) the government deprived the plaintiff of "life, liberty, or property;" and (2) the government's behavior shocks the conscience. Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). Plaintiffs have not properly established that the officers' behavior shocks the conscious. Plaintiffs rely on Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010) for the notion that, because the officers had actual time to deliberate, the officers' deliberate indifference rises to the level of that which would shock the conscience. (Mot. at 11-12.) However, the Wilkinson standard is specific to the excessive force context, and Plaintiffs cite no other authority that is relevant to the context of this case. Wilkinson, 610 F.3d at 554. Further, even if the Court were to follow the Wilkinson test, Plaintiffs have not provided sufficient evidence to prove that the officers had time to deliberate. For example, Plaintiffs have not established that Mr. Loflin was exhibiting signs of an overdose long before he began to seize. Thus, because Plaintiffs claim does not plausibly rise to the level of that which would shock the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

conscience, the Court grants Defendant's motion to dismiss for the second cause of action, with leave to amend.

### 3.  Plaintiffs' Municipal Liability and Ratification Claim under Monell

Finally, Plaintiffs bring a municipal liability and ratification claim under Monell, alleging an unconstitutional custom, policy, or practice, and a failure to train. (Compl. ¶¶ 65-85.) "Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom." Weiner v. San Diego Cnty., 210 F.3d 1025, 1028 (9th Cir. 2000) (citing Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 690–91 (1978)). "Alternatively, liability may be based on a policy, practice or custom of omission amounting to deliberate indifference." Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175 (9th Cir. 2002). The Ninth Circuit "consistently has found that a county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference, even when the county has other general policies in place." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1189 (9th Cir. 2006). However, a plaintiff must present sufficient evidence to establish that the failure to enact other procedures caused or likely would cause repeated constitutional violations, making the need for more action "'so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.'" Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir. 2001) (quoting Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1477–78 (9th Cir. 1992)).

Defendant argues that Plaintiffs' Monell claim regarding an unconstitutional custom, policy, or practice fails because Plaintiffs have not identified any policy that could have caused Mr. Loflin harm, or a pattern of similar instances that could amount to a policy or custom. (Mot. at 19.) In contrast, Plaintiffs premise their Monell claim on "the failure of Huntington Beach to implement and maintain a constitutionally adequate policy for treatment of intoxication and withdrawal." (Opp'n at 12.) Plaintiffs allege that the police department did not properly screen incoming arrestees for intoxication and withdrawal by using scales, "as recommended by the United States Department of Justice." (Id. at 14.) Such a policy would have required a registered nurse to monitor Mr. Loflin's vitals at least every 3-4 hours. (Id.) Plaintiffs argue that, had this been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al | | |

done, DOES 7-25 would have noticed Mr. Loflin's symptoms of acute intoxication and would likely have transferred him to a hospital. (Id.) Further, Plaintiffs state that Defendant should have been aware of this "need to implement an adequate monitoring program" because "treating incoming arrestees who were intoxicated or withdrawing from drugs and alcohol was a frequent and recurring event." (Id. at 15.) Because the lack of an affirmative policy can amount to deliberate indifference, Plaintiffs have properly pled a Monell claim under the theory of an unconstitutional custom, policy or practice. Thus, the Court does not reach Defendant's argument regarding failure to train, and denies Defendant's motion to dismiss as to the third cause of action.

    a.    Defendant's Motion to Strike Plaintiffs' Ratification Claim

Defendant moves to strike from the Complaint the allegation that "each of the defendants had approved or ratified the actions of the other defendants." (Compl. ¶ 15.) Under a ratification theory "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Defendant claims that Plaintiffs have not properly alleged that the City of Huntington Beach or DOE officers ratified any actions on the date of the incident. (Mot. at 21.) The Court agrees that Plaintiffs only mention ratification once in the Complaint, and do not provide any further facts to support this conclusion. Further, Plaintiffs did not address this ratification argument in their Opposition. Therefore, Plaintiffs seem to abandon this claim. See Conservation Force v. Salazar, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.") (citing Personal Elec. Transps., Inc. v. Office of U.S. Tr., 313 Fed. App'x 51, 52 (9th Cir. 2009)). The Court grants Defendant's motion to strike Plaintiffs claim that "each of the defendants had approved or ratified the actions of the other defendants," located in ¶ 15 of the Complaint, with leave to amend.

**4.    Defendant's Motion to Strike Plaintiffs' Request for Punitive Damages**

As a matter of law, punitive damages are not recoverable against a city or the agency itself in a section 1983 action. Cal. Gov't Code § 818; Garcia v. Whitehead, 961 F. Supp. 230, 233 (C.D. Cal. 1997). However, a plaintiff may recover punitive damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01075-JVS-JDE | Date | October 24, 2024 |
|---|---|---|---|

| Title | The Estate of Trevor Loflin et al v. City of Huntington Beach et al |
|---|---|

claims against individual defendants in their personal capacities. C.N. v. Wolf, 410 F. Supp. 2d 894, 904 (C.D. Cal. 2005). Here, Defendant moves to strike "Plaintiffs' prayer for punitive damages against all individual defendants because a public entity cannot be held liable for punitive damages." (Mot. at 23.) However, the Court interprets the phrase "all individual defendants" as applying only to the individual DOE Defendants and not the City of Huntington Beach. Thus, should Plaintiffs amend the Complaint to state a valid cause of action against the individual DOE Defendants, Plaintiffs may properly recover punitive damages from the individual defendants. The Court denies Defendant's motion to strike Plaintiffs' prayer for punitive damages on these grounds.

**5.      Leave to Amend**

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

The Court finds that Plaintiffs have acted in good faith and that future amendments would not be futile. Thus, the Court partially grants Defendant's motion to dismiss and motion to strike with leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to dismiss as to the first and second causes of action, with leave to amend, and **DENIES** the motion as to the third cause of action. Additionally, the Court **GRANTS** the motion to strike Plaintiffs' discussion of ratification in ¶ 15 of the Complaint, with leave to amend, and **DENIES** the motion to strike Plaintiffs' request for punitive damages. Plaintiffs shall have twenty days to replead.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01075-JVS-JDE                                  Date  October 24, 2024

Title  The Estate of Trevor Loflin et al v. City of Huntington Beach et al

**IT IS SO ORDERED.**