MICHAEL E. GATES, City Attorney (SBN 258446)
PEGGY Z. HUANG, Sr. Deputy City Attorney (SBN 192125)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Tel: (714) 536-5555; Fax: (714) 374-1590
Email:  Peggy.Huang @surfcity-hb.org

Attorneys for Defendant,
CITY OF HUNTINGTON BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF TREVOR LOFLIN, by and through his successor in interest, Paul Loflin Jr., and PAUL LOFLIN, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH and DOES 1-25,<br><br>Defendants. | Case No.: 8:24-cv-01075-JVS (JDEx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF HUNTINGTON BEACH; DEMAND FOR JURY TRIAL** |

Defendants CITY OF HUNTINGTON BEACH and DOES 7-25 (hereinafter collectively "Defendants"), hereby answer Plaintiff's operative First Amended Complaint, for themselves and for no other defendant, as follows:

1. Answering Paragraph 1, Defendants admit that Plaintiffs' action, as alleged in the First Amended Complaint, includes claims that arise under 42 U.S.C. § 1983, and that this Court properly has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

362357

2. Answering Paragraph 2, Defendants admit that, on the basis of the allegations set forth in the First Amended Complaint, venue is proper in the Central District of California.

3. Answering Paragraphs 3, 4, 6, 7, 8, 9, 12, 13, 14, 15, 23, 24, 29, 30, 31, 32, 33, 34, 36, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 65, 66, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations, and on that basis deny those allegations.  Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the First Amended Complaint.  Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by any employees of Defendant CITY OF HUNTINGTON BEACH.

4. Answering Paragraph 5, Defendants admit that Decedent Trevor Loflin died on or about May 20, 2022, and that he was in the custody of the Huntington Beach Police Department at the Huntington Beach City Jail.  Defendant also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the First Amended Complaint.

5. Answering Paragraph 10, Defendant CITY OF HUNTINGTON BEACH admits that Defendant CITY OF HUNTINGTON BEACH is a municipal corporation existing under the laws of the State of California, and that the Huntington Beach Police Department is an agency of Defendant City of Huntington Beach.  Defendant CITY OF HUNTINGTON BEACH otherwise denies generally each and every allegation contained in the remainder of the Paragraph.

362357

6.	Answering Paragraph 11, Defendant CITY OF HUNTINGTON BEACH admits that Huntington Beach Police Department owns, operates, and maintains the Huntington Beach City Jail facility, located at 2000 Main Street, in the City of Huntington Beach. Defendants otherwise deny generally each and every allegation contained in the remainder of the Paragraph.  Defendants otherwise generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the First Amended Complaint.

7.	Answering Paragraph 16, Defendants incorporate herein by reference each of their admissions and denials made with respect to each of Paragraphs 1 through 15 of the First Amended Complaint, as though set forth herein in full.

8.	Answering Paragraph 17, Defendants admit that Decedent Trevor Loflin was arrested on May 19, 2022.  With the remainder of the allegations set forth therein, Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations, and that basis, deny those allegations.

9.	Answering Paragraph 18, Defendants admit that Decedent Trevor Loflin was arrested and transported to the Huntington Beach City Jail.  Defendants otherwise deny generally each and every allegation contained in the remainder of the paragraph.  Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations as alleged in the First Amended Complaint.  Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by any employees of Defendant CITY OF HUNTINGTON BEACH.

10.	Answering Paragraphs 19, 20, 27, 28, 35, 37, 40, 41,  42, 43, 44, 45, 63, 64, 68, 69, 70, 71, 72, 73, Defendants lack sufficient information or knowledge

362357

3

to form a belief about the truth of the allegations, and on that basis, deny those allegations.

11. Answering Paragraph 21, Defendants admit that Decedent Trevor Loflin's cause of death was acute cocaine and ethanol with cocaethylene intoxication. Defendants lack sufficient information or knowledge to form a belief about the truth of the remaining allegations, and on that basis deny those allegations. Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations, as alleged in the First Amended Complaint.

12. Answering Paragraph 22, Defendants admit that Decedent Trevor Loflin was booked into the City Jail and that there was no illicit drugs or paraphernalia located on his person at the time of booking. Defendants lack sufficient information or knowledge to form a belief about the truth of the remaining allegations, and on that basis deny those allegations. Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations, as alleged in the First Amended Complaint.

13. Answering Paragraph 25, Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations, and on that basis, deny those allegations. Defendants further deny generally and specifically that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations as alleged in the First Amended Complaint. Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by any employees of Defendant CITY OF HUNTINGTON BEACH.

14. Answering Paragraph 26, Defendants admit that Decedent Trevor Loflin was in custody at the Huntington Beach City Jail. Defendants otherwise deny generally each and every allegation contained in the remainder of the paragraph. Defendant also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations as alleged in the First Amended Complaint. Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by any employees of Defendant CITY OF HUNTINGTON BEACH.

15. Answering Paragraph 38, Defendants admit that an officer called for emergency medical aid. Defendants otherwise deny generally and specifically each and every allegation contained in the remainder of the paragraph. Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations as alleged in the First Amended Complaint.

16. Answering Paragraph 39, Defendants admit that the Huntington Beach Fire Department and paramedics responded to provided medical care to Decedent Trevor Loflin. Defendants otherwise deny generally and specifically each and every allegation contained in the remainder of the paragraph. Defendants also generally and specifically deny that any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations as alleged in the First Amended Complaint.

17. Answering Paragraph 46, Defendants incorporate herein by reference each of their admissions and denials made with respect to each of Paragraphs 1 through 45 of the operative First Amended Complaint, as though set forth herein in full.

18. Answering Paragraph 47 the statement therein constitute conclusions of law to which no response is required.

19. Answering Paragraph 60, Defendants incorporate herein by reference each of their admissions and denials made with respect to each of Paragraphs 1 through 64 of the operative First Amended Complaint, as though set forth herein in full.

20. Answering Paragraph 67, Defendants incorporate herein by reference each of their admissions and denials made with respect to each of Paragraphs 1 through 66 of the operative First Amended Complaint, as though set forth herein in full.

## FIRST AFFIRMATIVE DEFENSE

21. Defendant CITY OF HUNTINGTON BEACH and DOES Defendants are immune from liability under the *Federal Civil Rights Act* and California state law because the actions were reasonable, done in good faith and without malice under the authority of federal and state law.

## SECOND AFFIRMATIVE DEFENSE

22. The individual DOES Defendants are entitled to qualified immunity because there was no constitutional violation, the applicable law was not clearly established, and further, under federal court judicial doctrines and Constitutional protections.

## THIRD AFFIRMATIVE DEFENSE

23. The complaint fails to state valid claims for relief.

## FOURTH AFFIRMATIVE DEFENSE

24. With regard to the claims brought under state law, neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution of enforcement of any law.

///
///
///
///

**FIFTH AFFIRMATIVE DEFENSE**

25. Any injury to Decedent was due to, and caused by, the negligence and omissions of Decedent to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Decedent and Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

26. That the damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

**SEVENTH AFFIRMATIVE DEFENSE**

27. The acts or omissions complained of in the First Amended Complaint were the result of the exercise of the discretion vested in public employees while actin gin the scope of their public employment, and whether or not such discretion was abused, Defendant CITY OF HUNTINGTON BEACH is immune from liability pursuant to Government Code sections 815.2(b), 820.2, and 840.6.

**EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiffs failed to mitigate their damages.

**NINTH AFFIRMATIVE DEFENSE**

29. That any injury or damage suffered by Plaintiffs was caused solely by reason of Decedent's wrongful acts and conduct and not by reason of any unlawful acts or omissions of the Defendant or any of the employees of Defendant, and there any recovery is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

30. Plaintiffs' and/or Decedent's own conduct estops Plaintiffs from seeking the relief claimed in this lawsuit hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

31. Plaintiffs' claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure § 335.1 and California Government Code §§ 945.6 and 950.6.

### TWELFTH AFFIRMATIVE DEFENSE

32. With regard to the claims brought under state law, Plaintiffs' claims are barred by their failure to file a tort claim, and/or their tort claim fails to conform with the claims made in the operative First Amended Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. The negligent or otherwise wrongful acts or omissions of a third party and/or parties were a superseding and intervening cause of Decedent's injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

34. The facts alleged in the First Amended Complaint do not involve any custom, practice, procedure or regulation of Defendants and/or no custom, practice, procedure or regulation of Defendants deprived Plaintiffs of any federal right cognizable under 42 U.S.C. section 1983.

### FIFTEENTH AFFIRMATIVE DEFENSE

35. Defendant CITY OF HUNTINGTON BEACH acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by him at the time he acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred under the doctrine of mootness.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. The Tort Claims Act as a measure of the duty of Defendant CITY OF HUNTINGTON BEACH and its employees and that liability of a public entity is subject to any immunity provided by statute, and Defendant CITY OF HUNTINGTON BEACH is immune from liability pursuant to all relevant statutes including, but not limited to, the provisions of California Government Code section 810 et seq., 815, 815.4, 815.6, 818, 818.6, 820.2, 821.4, 830.2, 830.4, 830.6, 830.8, 830.9, 831, 831.2, 831.21, 831.25, 831.3, 831.4, 831.6, 831.7, 831.8, 835, 835.2, 835.4, 840, 840.2, 840.4, and 840.6.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until the Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein and reserve herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

### NINETEENTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims are barred, in whole or in part, by the doctrine of Separation of Powers.

### TWENTIETH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred by his failure to pursue the administrative process and remedies available to him.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

41. Punitive damages are violative of Due Process and Equal Protection considerations.

**WHEREFORE**, Defendants pray that Plaintiffs take nothing by way of their operative First Amended Complaint and that these Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

DATED: November 26, 2024         MICHAEL E. GATES, City Attorney

By:    /s/ Peggy Z. Huang
Peggy Z. Huang, Sr. Deputy City Attorney
Attorney for Defendant
City of Huntington Beach

362357

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant CITY OF HUNTINGTON BEACH, demands trial by jury in the above-entitled action pursuant to Federal Rules of Civil Procedure 38(b) and Local Rule 38-1.

DATED:  November 26, 2024            MICHAEL E. GATES, City Attorney

By:   /s/ Peggy Z. Huang
Peggy Z. Huang, Sr. Deputy City Attorney
Attorney for Defendant
City of Huntington Beach