GRACE JUN: SBN 287973
GRACE JUN, ATTORNEY AT LAW
501 West Broadway, Ste. 1480
San Diego, CA 92101
grace@gracejunlaw.com

Attorney for Plaintiff Estate of Trevor Loflin and Paul Loflin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF TREVOR LOFLIN, by and through its successor in interest, Paul Loflin, Jr.; and PAUL LOFLIN, JR., <br><br> Plaintiffs, <br> v. <br><br> CITY OF HUNTINGTON BEACH, and DOES 1-25, <br><br> Defendants. | CASE NO. 8:24-cv-01075-JVS-JDE <br><br> **JOINT RULE 26(f) REPORT** <br><br> Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiffs Paul Loflin, Jr., individually and as successor-in-interest to the Estate of Trevor Loflin (hereinafter "Plaintiffs") and Defendant City of Huntington Beach (hereinafter "Defendant"), by and through their undersigned counsel have conducted the early meeting of counsel and hereby jointly submit this Rule 26(f) case management plan.

Parties initially met and conferred on October 3, 2024, and December 20, 2024.

**SYNOPSIS OF MAIN CLAIMS AND AFFIRMATIVE DEFENSES:**

Plaintiffs' Claims:

Plaintiffs in this case are decedent Trevor Loflin and Paul Loflin, Jr., the surviving father and heir of decedent.

On May 19, 2022, Huntington Beach Police Department officers arrested Trevor Loflin, age 26, for being under the influence of drugs or alcohol. HBPD officers transported Trevor to the City Jail. Jail nurses and detentions officers, Defendant DOES 7-25, ignored Trevor's worsening state as he began to exhibit symptoms of acute alcohol and cocaine intoxication. Over the next 7 hours, officers and nurses, DOES 7-25, ignored Trevor as he became more agitated and restless, as he began to tremble and convulse, and as he had seizures that caused him to fall with such force that he sustained subdural hematomas. As of May 19, 2022, the date of Trevor Loflin's arrest and detention at the City Jail, pre-trial detainees such as Trevor had the clearly established right to "direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) Had HBPD officers and nurses properly monitored and observed Trevor, they would have noticed his worsening condition. HBPD officers and nurses should

have sent Trevor to the emergency department. Because these officers and nurses were deliberately indifferent to Trevor's serious medical needs, Trevor endured needless pain, suffering, and distress, eventually dying after suffering multiple seizures.

Plaintiffs further allege a *Monell* municipal liability claim against the City of Huntington Beach. Plaintiffs allege the City failed a constitutionally adequate policy for treatment and monitoring of inmates suffering intoxication and withdrawal. Had the City required its subordinates at the Jail to monitor Trevor Loflin using scales such as CIWA-Ar and CIWA-Br, jail personnel would have recognized Trevor's worsening condition and the need to immediately transport him to the emergency department. Moreover, the City failed to adequately train and supervise its personnel regarding proper monitoring of intoxicated inmates, including failing to properly train and supervise deputies regarding timely and adequate safety checks of inmates.

Defendant's Version:

On May 19, 2020, at approximately 10:56 p.m., Huntington Beach Police Department received a call an individual who entered Landmark Liquor located at 8491 Atlanta Avenue. Decedent Trevor Loflin was intoxicated and hostile, and flashed gang signs. Officers responded to the area and made contact with Decedent Loflin. At approximately 11:00 p.m., Decedent Loflin was arrested for disorderly conduct, intoxication with drugs or alcohol. He was transported to the Huntington Beach City Jail where he was booked and placed in a sobering cell.

Defendant City of Huntington Beach disputes Plaintiffs' allegations in their entirety and contends that City properly followed all established protocol, policies, and procedures. Defendant also disputes Plaintiffs' claim under *Monell* since there was no existing policy, practice or custom that caused the alleged constitutional violations at issue at the time of the incident. Defendant City of Huntington Beach and Doe Defendants are immune from liability under the

*Federal Civil Rights* Act and California State law.  Defendants Doe Officers also have qualified immunity.

**SUBJECT MATTER JURISDICTION**

This is a civil action of which the United States District Court has original jurisdiction, pursuant to 28 U.S.C. section 1331, over claims brought under the 42 U.S.C. section 1983 and the federal constitution.

**Legal Issues:**

1. Did Defendant Huntington Beach have a policy, practice, or custom that caused the constitutional violations alleged in the Complaint?

2. Whether individual Defendants are entitled to qualified immunity as to Plaintiffs' federal claims.

3. Whether Doe Defendants were deliberately indifferent to a serious risk of harm to decedent Loflin's health and safety pursuant to the 14th Amendment and *Gordon v. County of Orange et al.*

4. Whether Defendant City of Huntington Beach is liable for failing to train the Doe Defendants, and if so, whether such failure is the cause in fact of Plaintiffs' harm.

5. Whether Defendants violated Plaintiffs' Substantive Due Process of Law per the 14th Amendment and therefore interfered with their familial relationship with Mr. Paul Loflin.

**DAMAGES:**

Plaintiffs will seek damages for the loss of Trevor Loflin's life; decedent's predeath pain and suffering; and Paul Loflin, Jr.'s loss of his son's society and companionship.

**INSURANCE**:

Defendant City of Huntington Beach is self-insured up to $1,000,000 and in excess of that amount is either part of a group insured through Big Independent Cities Excess Pool ("BICEP") or has secured excess insurance for itself.

**MOTIONS:**

**Plaintiffs:**

Plaintiffs will seek to file an amended complaint identifying all Doe Defendants.

**Defendants:**

Defendant Huntington Beach and Doe Defendants do not anticipate filing any motion to add parties, claims, or to amend the pleadings. Defendants anticipate filing a Motion for Summary Judgment following the completion of Discovery.

**DISCOVERY AND EXPERTS:**

**A. Subject of Discovery and Discovery Limitations**

    **Plaintiffs**:

    Plaintiffs will seek to take discovery on:

1. The identity of Doe Defendants who failed to adequately treat Trevor Loflin's serious medical needs and/or failed to adequately monitor Trevor Loflin, including deputies who failed to perform required safety cell checks of Trevor;
2. The adequacy of the medical care provided to Trevor Loflin at the Huntington Beach City Jail;
3. The adequacy of safety cell checks performed, and/or the adequacy of any direct view monitoring of Trevor Loflin, while decedent was held at the Huntington Beach City Jail;
4. The policies and procedures of the City of Huntington Beach regarding monitoring and treatment of intoxicated arrestees and inmates, including safety cell checks of individuals placed in sobering cells;
5. The policies and procedures of the City of Huntington Beach regarding medical intake and medical receiving/screening; and
6. Training provided to Huntington Beach personnel regarding monitoring and treatment of intoxicated inmates.

1  Plaintiffs anticipate taking the deposition of the Doe Defendants and any
2  FRCP 30(b)(6) witness(es) identified by the City as the person(s) most qualified
3  to testify regarding the policies and procedures of the Jail, as well as the training
4  and supervision provided to Jail staff. Plaintiffs may need to request leave to
5  conduct more than ten depositions depending on the number of Doe Defendants
6  who are identified during the course of discovery.

7  Plaintiffs do not believe any other limitations on discovery will need to be
8  modified.

9  Plaintiffs believe that expert discovery dates should be separated from fact
10 discovery due to the nature and extent of expert discovery that may be required.
11 Plaintiffs anticipate expert testimony will be required regarding standard of care
12 for correctional medicine and correctional practices and further anticipate
13 causation for Trevor Loflin's death will be hotly disputed. Due to the expense of
14 expert discovery, it may be fruitful to allow fact discovery to be concluded first to
15 determine whether qualified immunity, or issues of causation, should prompt the
16 parties to determine whether settlement or other resolution of this matter is
17 warranted before significant expenditures on expert discovery.

18 **Defendants** anticipate taking the deposition of Plaintiffs, and any other
19 witnesses Plaintiffs identify as having information relevant to damages.

20 Defendants propose that any discovery relating to confidential personnel
21 matters be conducted pursuant to a stipulated Protective Order.

22 Defendants intend to conduct discovery regarding Plaintiffs' claimed
23 damages, including but not limited to Decedent Loflin's criminal history, drug
24 abused and mental health history, and the nature and quality of his relationship
25 with Plaintiff.

26 **Dispositive motion**

27

28 **Settlement/Alternative Dispute Resolution**

Counsel for the parties have met and conferred to discuss what may facilitate resolution of this matter. Plaintiffs believe that some fact discovery must first occur, related to jail surveillance video and other records and material of the City Jail, to allow the parties to intelligently discuss the potential for speedy resolution of this matter.

Plaintiff requests referral of this matter to a magistrate judge for a mandatory settlement conference.

**Trial Estimate/Jury Trial**

Plaintiffs request a jury trial in this matter and believe trial will take 4-6 days.

**Timetable**

| Matter | Time | Weeks Before Trial | P's Request | Def's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) Estimated length: | 8:30am Tuesdays | | 4/28/2026 | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to | 11:00am Mondays | -2 | 4/13/2026 | | |

| Matter | Time | Weeks Before Trial | P's Request | Def's Request | Court Order |
|---|---|---|---|---|---|
| Statement of Case | | | | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 4/7/2026 | | |
| Last day for hand−serving Motions in Limine | | -6 | 3/17/2026 | | |
| Last day for hearing motions | 1:30pm Mondays | -7 | 3/9/2026 | | |
| Last day for hand−serving motions and filing (other than Motions in Limine) | | -11 | 2/10/2026 | | |
| Non−expert Discovery cut−off | | -15 | 12/12/25 | | |

**ADDITIONAL MATTERS TO BE DETERMINED**

　　Plaintiffs request referral to a magistrate judge for a settlement conference.

　　Plaintiffs further request additional time to file an amended complaint that names and identifies the Doe Defendants. Plaintiffs have issued discovery requests to ascertain the identities of the Doe Defendants and request February 28, 2025 as the deadline to amend the complaint to add additional parties.

| Matter | Time | Weeks Before Trial | P's Request | Def's Request | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | 2/9/2026 | | |
| Rebuttal Expert Witness Disclosures | | | 1/26/2026 | | |
| Opening Expert Witness Disclosures (FRCP 26(a)(2)) | | | 1/12/2026 | | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or to add parties | | | | | |

**Other Issues**

**Patent Cases**

    This case does not involve any patent.

**Whether the Parties wish to have a magistrate judge preside**

    The parties do not consent to have a United States Magistrate judge preside over this action.

Respectfully submitted,

Dated: January 6, 2025        s/ Grace Jun
                              GRACE JUN
                              Attorney for Plaintiffs THE ESTATE OF
                              TREVOR LOFLIN and PAUL LOFLIN, JR.

Dated: January 6, 2025        MICHAEL E. GATES, City Attorney

                              s/ Peggy Z. Huang
                              Peggy Z. Huang, Deputy City Attorney
                              Attorney for Defendant
                              City of Huntington Beach

## **CERTIFICATION**

I, GRACE JUN, hereby certify that the content of this stipulation is acceptable to all parties required to sign this motion.  All parties authorized me to affix their CM/ECF electronic signatures to this pleading

Dated: January 6, 2025        by:  */s/ Grace Jun*
                                   Grace Jun, Esq.
                                   grace@gracejunlaw.com
                                   Attorney for Plaintiffs